IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                                       No. CR 24-1521 JB

DANIEL TARANGO, JR.,

        Defendant.

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on: (i) the Defendant's Objections to Presentence Report, July 25, 2025 (Doc. 23)("Objections"); and (ii) the Sealed Defendant's Sentencing Memorandum and Motion for Variance, filed July 27, 2025 (Doc. 24)("Sentencing Memo"). The primary issues are: (i) whether Plaintiff United States of America proves, by a preponderance of the evidence, that Defendant Daniel Tarango, Jr. is responsible for the cocaine that he receives in the mail, when Tarango contends that, in his Plea Agreement, filed November 6, 2024 (Doc. 9), he admits only to a criminal conspiracy involving receiving heroin through the mail; and (ii) whether Tarango is entitled to the minor-participant reduction under U.S.S.G. § 3B1.2(b), when Tarango contends that he exercises very little authority in the conspiracy. The Court concludes that: (i) Tarango is responsible for the cocaine, because the United States proves -- by a preponderance of the evidence -- that, when Tarango receives the cocaine, his possession is relevant conduct under U.S.S.S.G. § 1B1.3(a)(1)(B); and (ii) Tarango is not entitled to U.S.S.G. §

---

[1] In its Sealed Memorandum Opinion and Order, filed August 18, 2025 (Doc. 34)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties six calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

3B1.2(b)'s minor-participant reduction, because he is a full participant in the single drug delivery that federal agents track and intercept. Accordingly, the Court overrules Tarango's relevant-conduct and minor-participant Objections.[2]

## FACTUAL BACKGROUND

Tarango purports to object to the facts in the Presentence Investigation Report ¶ 16, at 6, filed January 6, 2025 (Doc. 12)("PSR"). See Objections at 1. He contends that "[t]here are no facts before the Court at sentencing by which the Court could find that the transfer of 26.71 grams of cocaine to Mr. Tarango Jr. was part of the criminal conspiracy to further distribute the controlled substance." Objections at 1-2. According to the PSR, Tarango "knowingly and intentionally conspired with other to possess with intent to distribute 997.3 net grams of heroin and an amount of 26.71 net grams of cocaine." PSR ¶ 16, at 6.

Tarango does not contend, however, the facts underlying the legal conclusion in PSR ¶ 16, at 6, are wrong. Instead, he contends that the Court should not consider the cocaine that ¶ 16 mentions when sentencing him. This is not a factual Objection; it is a legal Objection. The Court, therefore, concludes that Tarango does not dispute any facts in the PSR. Accordingly, these undisputed facts are the Court's findings of fact. See Fed. R. Crim. P. 32(i)(3)(A) ("[The court] may accept any undisputed portion of the presentence report as a finding of fact.").

---

[2]Tarango's Objections also assert that "the criminal history points awarded for each of two separate state level convictions are improper pursuant to USSG § 4A1.2(a)(2) and Defendant's criminal history points should total 7 instead of 10." Objections at 1. The United States and the United States Probation Office "concur[] with Defendant's objection about criminal history point scoring and do[] not argue against the Court sustaining that objection." Sealed Response to Defense [sic] PSR Objections at 1, filed July 28, 2025 (Doc. 26). Accordingly, the Court sustains Tarango's criminal-history-point-scoring Objection and holds that the applicable criminal-history-point total is 7.

1. On October 28, 2021, federal law enforcement agents identify a suspicious parcel sent from Bells Garden, California, addressed to a business in Albuquerque, New Mexico. See PSR ¶ 10, at 5.

2. The federal agents intercept the parcel at the United States Postal Service's sorting facility. See PSR ¶ 11, at 5.

3. After a drug-sniffing dog indicates that the parcel contains narcotics, federal agents obtain a search warrant and search the parcel. See PSR ¶ 11, at 5.

4. When they search the parcel, they find three packages containing a total of 997.3 grams of heroin and 26.71 grams of cocaine. See PSR ¶ 11, at 5.

5. After discovering the drugs, federal agents replace the parcel's contents with sham drugs and set up a controlled delivery. See PSR ¶ 12, at 5.

6. They deliver the parcel to the intended address, and, subsequently, observe Tarango exiting the address with the parcel and arrest him after a foot chase. See PSR ¶ 13, at 5.

7. After his arrest, Tarango tells law enforcement that "he knew the sender of the package," a man called Ibarra, and that Tarango "was to receive the package on that date and would be provided further instructions by Ibarra on what to do with the package." PSR ¶ 14, at 6.

8. Tarango explains that he met Ibarra in California, where Ibarra asks him if he wants to make money, and Tarango says that he does want to make money. See PSR ¶ 14, at 6.

9. Eventually, Tarango agrees to pick up drugs that Ibarra ships to him. See PSR ¶ 14, at 6.

10. Tarango admits that he picks up an earlier package before the package that federal agents intercept; this other package contains two ounces of cocaine. See PSR ¶ 14, at 6.

**PROCEDURAL BACKGROUND**

On November 6, 2024, Tarango pleads guilty to an Information, filed November 6, 2024 (Doc. 2), charging him with one violation of 21 U.S.C. § 846, conspiracy.  See Plea Agreement ¶ 6, at 3, filed November 6, 2024 (Doc. 9).  The Information specifies that the conspiracy's objective is to violate 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance -- heroin.  See Information at 1.  The PSR assigns Tarango an offense level of 27 -- a figure at which it arrives by adding the weights of the heroin and of the cocaine in the parcel -- and a criminal history score of 10, which corresponds to criminal history category V.  See PSR ¶ 21, at 7; id. ¶ at 39.  According to the PSR, Guidelines range, therefore, is 120 to 150 months.  PSR ¶ 83, at 20.

**ANALYSIS**

The Court overrules Tarango's drug-quantity objection and denies his request for a minor-participant reduction.  As to the first objection, Tarango argues that he has not admitted that "the small amount of cocaine which accompanied the far larger amount of heroin was intended for distribution to anyone beyond Mr. Tarango."  Objections at 1.  This argument lacks a sound basis in the relevant facts and the applicable law.  "The Guidelines permit a court to consider all 'relevant conduct' when determining the base offense level for someone convicted of an offense involving drugs."  United States v. Asch, 207 F.3d 1238, 1243 (10th Cir. 2000)(citing U.S.S.G. § 1B1.3 and § 2D1.1)(no citation for quoted material).  Under U.S.S.G. § 1B1.3(a)(1)(A), relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . ."  U.S.S.G. § 1B1.3(a)(1)(A).

Tarango "induce[s]" Ibarra, U.S.S.G. § 1B1.3(a)(1)(A), to mail him the drugs.  "Induce," in the criminal-law context, typically "denote[s] solicitation," which is the "intentional

encouragement of an unlawful act." United States v. Hansen, 599 U.S. 762, 771 (2023)(citing ALI, Model Penal Code § 5.01(1), at 364 (1985)).  When Tarango meets Ibarra, his supplier, in California, Tarango presumably convinces Ibarra that he is a trustworthy person and encourages him to mail him drugs so that Tarango can distribute the drugs and make money for both of them.  See supra, at 3.  Even though there is not much cocaine in the parcel, which suggests that Ibarra did not intend for Tarango to distribute the cocaine, the cocaine is still part of the two men's business arrangement.  Perhaps Ibarra intended the cocaine to compensate Tarango in lieu of money, or perhaps Ibarra intended the cocaine as a deal-sweetener -- a gesture of goodwill to a new business partner.  Regardless, the cocaine did not arrive in Albuquerque out-of-the-blue.  By talking to Ibarra and presenting himself as a willing business partner in a drug-distribution scheme, Tarango induced Ibarra to send him drugs, including the 26.71 net grams of cocaine.  See U.S.S.G. § 1B1.3(a)(1)(A).

      Even though Tarango does not plead guilty to a cocaine-distribution conspiracy, "'[t]he guidelines require that all relevant conduct be considered at sentencing.  Drug quantities associated with illegal conduct for which a defendant was not convicted are to be accounted for in sentencing, if they are part of the same conduct for which the defendant was convicted.'"  United States v. Todd, 515 F.3d 1128, 1137 (10th Cir. 2008)(quoting United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993)).  Tarango has been convicted of conspiracy to violate drug laws, see PSR at 1; both the heroin and the cocaine he receives in the parcel, are, accordingly, properly taken into account in calculating his offense level.  See United States v. Asch, 207 F.3d at 1243-44 (noting that "[e]very circuit," including the United States Court of Appeals for the Tenth Circuit, "to address the question has held that where a member of a conspiracy to distribute drugs handles drugs both for personal consumption and distribution in the course of the conspiracy, the entire

quantity of drugs handled is relevant conduct for purposes of calculating the base offense level")(citing United States v. Antonietti, 86 F.3d 206, 209-10 (11th Cir. 1996); United States v. Fregoso, 60 F.3d 1314, 1328-29 (8th Cir.1995); United States v. Snook, 60 F.3d 394, 395-96 (7th Cir. 1995); and United States v. Innamorati, 996 F.2d 456, 492 (1st Cir. 1993)). The Court overrules Tarango's first Objection.

As to Tarango's second Objection, which he raises in his Sentencing Memo, the Court disagrees that Tarango is entitled to the minor-participant reduction. Tarango has not objected to the PSR's facts showing that he meets Ibarra at a club, conditionally agrees to work with Ibarra "as long as things were in order," PSR ¶ 14, at 6, visits Ibarra's house, and agrees that Ibarra would mail him drugs, see PSR ¶ 14, at 6. These facts demonstrate that Tarango is not "less culpable than most other participants in the criminal activity." U.S.S.G. § 3B1.2 Application Note 5. The United States has prosecuted Tarango based on the drugs in Ibarra's parcel; in whatever other criminal activity Ibarra may be involved, that activity is not playing a role in Tarango's sentencing. Here, Tarango is a full and willing participant in crime for which he is convicted, i.e., a conspiracy to receive and distribute drugs in the mail. Ibarra may have approached him, at first, with the criminal scheme, but Tarango has not pointed to any authority suggesting that the criminal offeree, so to speak, is categorically less culpable than the criminal offeror in a way that qualifies the offeree for the U.S.S.G. § 3B1.2 reduction. Moreover, Tarango assists Ibarra in fleshing out the drugs-in-the-mail scheme: Tarango suggests to Ibarra that Ibarra can mail the drugs to his wife's family business in Albuquerque. See PSR ¶ 14, at 6. This level of participation in the conspiracy is not minor. Accordingly, the Court holds that Tarango is not entitled to the minor-participant reduction.

**IT IS ORDERED** that: (i) Defendant's Objections to Presentence Report, July 25, 2025

- 7 -

(Doc. 23), are sustained in part and overruled in part; (ii) Defendant Tarango's Objection to the drugs' weight in the Presentence Investigation Report ¶ 16, at 6, filed January 6, 2025 (Doc. 12)("PSR"), is overruled, because receiving the cocaine in the mail is relevant conduct; (iii) Tarango's objection to the PSR's calculation of his offense level, see PSR ¶ 21, at 7, is overruled, because he is not entitled to the minor-participant reduction; (iv) the applicable offense level is 27 and the applicable criminal history score is 7, which is criminal history category IV; and (v) the applicable Guidelines range is 100-125 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ryan Ellison
  United States Attorney
Paul Mysliwiec
Kimberly N. Bell
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Megan K. Mitsunaga
Law Office of Megan Mitsunaga
Albuquerque, New Mexico

  *Attorney for the Defendant*